OPINION

Per Curiam:

Appellant Preston J. Tomlinson, III (Tomlinson) was charged with one count of felony burglary. At trial, several eyewitnesses identified Tomlinson as the culprit. Two police officers testified that Tomlinson had made an oral confession. The State introduced Tomlinson’s written confession and a typed transcript of a taped confession made by Tomlinson. Tomlinson’s counsel objected because the Las Vegas Metropolitan Police Department (Metro) had erased the tape. Tomlinson contends that the district court improperly admitted the transcript into evidence. For reasons hereafter stated, we conclude that the transcript was properly admitted into evidence.

FACTS

On December 21, 1990, the State filed an information charging Preston J. Tomlinson, III with one count of felony burglary and one count of grand larceny, which the State later dropped.
At trial, Tasha Russell (Russell) testified that on the morning of September 16, 1990, she watched a man exit Fast N’ Fresh Cleaners and get into a white truck with “Abbey” printed on the side. Russell then climbed into her car with Marcus Doughty (Doughty), and drove close enough to the truck to get the license plate number. At that point, she saw the driver, whom she identified as Tomlinson.
Doughty testified that he heard a crash as he drove through Von’s parking lot. Doughty further stated that he saw someone *759 try to hide behind a planter. Doughty got out of his car, approached the person, “looked directly at the person,” and watched him enter the dry cleaners. Doughty watched the person tip over what he thought was a cash register. Finally, Doughty watched the person leave the store and get into a white Toyota pickup with “Abbey’s Air Conditioning” printed on the side of the truck. At this time, Russell pulled her car around and asked Doughty to get in and help her follow the truck. Doughty did. He also identified Tomlinson as the driver of the truck.
Clifton Berger, manager of Fast N’ Fresh Cleaners, testified that he went to the business at the request of the police during the early morning hours of September 16, 1990. Mr. Berger further stated that when he arrived he noticed that the front door had been broken out and the store was in a state of disarray. Finally, he stated that nothing had been taken from the store.
Richard George (George), a night stocker at Von’s, heard someone come into the store and ask the manager to call the police. George then went outside and saw a man duck under the handrail and exit Fast N’ Fresh through the broken door. He watched the man climb into a white truck bearing the license plate number 257DNU. At trial he described the man, but acknowledged that he could not identify the intruder.
The State presented the district court with a certified copy of a Department of Motor Vehicles’ record showing that Larry Luther owned a white Toyota truck license number 257DNU.
Metro Officer Christopher Matthews (Matthews), who also responded to the scene, testified that his subsequent investigation led him to the business address of Abbey Air Conditioning. Matthews and his partner, Officer Dennis Flynn, asked Larry Luther, the owner of Abbey Air Conditioning, to call into the office the employee assigned to the truck described above.
When Tomlinson arrived at Abbey Air Conditioning, the officers subdued and handcuffed him. Officer Flynn then read Tomlinson his Miranda rights. Tomlinson told the officers that he did not want a lawyer and that he wanted to cooperate.
During the interview, Tomlinson expressed concern as to whether he would lose his job. The officers told Tomlinson that they “had no control over that.” Officer Flynn brought Mr. Luther back into the room and allowed Tomlinson to ask about his job. After Mr. Luther left the room, Tomlinson orally confessed and signed a written confession.
After obtaining the written confession, Officer Flynn asked Tomlinson to make a taped oral confession. Tomlinson agreed. At trial, Officer Flynn admitted that the tape of Tomlinson’s confession had been reused and therefore was incapable of being examined by the jury. However, Flynn’s secretary had prepared a *760 typed transcript which the State offered as evidence. Further, Officer Flynn testified that he had checked the transcript against the tape to verify the accuracy of the transcript. Tomlinson’s counsel objected because the original was not available for comparison; however, the district judge admitted the transcript.
The jury found Tomlinson guilty of felony burglary and the district judge sentenced him to twenty years in Nevada State Prison as an habitual criminal pursuant to NRS 207.010. This appeal followed.

DISCUSSION

The State of Nevada has codified the common law best evidence rule. See NRS 52.235. In essence, NRS 52.235 requires that the party trying to prove the contents of a written document, a recording, or a photograph produce the original. However, NRS 52.255 sets forth the limited circumstances in which the court can admit other evidence to prove the contents of the original. NRS 52.255 provides as follows:
The original is not required, and other evidence of the contents of a writing, recording or photograph is admissible, if:
1. All originals are lost or have been destroyed, unless the loss or destruction resulted from the fraudulent act of the proponent.
2. No original can be obtained by any available judicial process or procedure.
3. At a time when an original was under the control of the party against whom offered, he was put on notice, by the pleadings or otherwise, that the contents would be a subject of proof at the hearing, and he does not produce the original at the hearing.
4. The writing, recording or photograph is not closely related to a controlling issue.
Tomlinson concedes that the State can satisfy three of the four requirements.[1] However, Tomlinson asserts that “[applicability of the NRS 52.255 exception fails however, when it comes to the fourth requirement. In order for nonoriginal evidence of content to be admissible, the writing, recording or photograph must not be closely related to a controlling issue.” That is, Tomlinson argues that the proponent of the nonoriginal evidence must satisfy all four enumerated requirements.
*761 The State contends that the proponent need only satisfy one of the four requirements. The State relies on three separate arguments to support this proposition. First, the State contends that the Legislature intended that the proponent need only satisfy one of the four requirements. Second, the State points to the corresponding federal rule,[2] Federal Rule of Evidence § 1004,[3] which lists the requirements in the disjunctive. Accordingly, the State contends that the party offering the evidence need only satisfy one of the requirements. Finally, the State argues that Tomlinson’s proposed interpretation is illogical because the first requirement is inconsistent with the second and third requirements. We agree.
A statute should be construed so that effect is given to all its provisions, so that no part will be inoperative or superfluous, void or insignificant, and so that one section will not destroy another unless the provision is the result of obvious mistake or error.
2A Norman J. Singer, Statutes and Statutory Construction § 46.06, at 119-20 (5th ed. 1992) (footnotes omitted); see also Bd. of County Comm’rs v. CMC of Nevada, 99 Nev. 739, 670 P.2d 102 (1983) (courts should avoid construing statutes in a way that would render any provision or clause meaningless); Sheriff v. Morris, 99 Nev. 109, 659 P.2d 852 (1983) (statutes should be construed to validate each provision of the statute). The first and second requirements are logically inconsistent. If a party demonstrates that all originals have been lost or destroyed, that party has necessarily proven that no original can be obtained by an available judicial procedure. Tomlinson’s interpretation would render the second requirement meaningless. To give all the subsections of NRS 52.255 independent meaning, we accept the *762 State’s construction and interpret NRS 52.255 consistent with Federal Rule of Evidence 1004. That is, we read the four requirements as if they were connected by a semi-colon and the word “or.” Thus, the district court properly admitted the transcript of the tape pursuant to NRS 52.255(1).
We have considered Tomlinson’s remaining contentions and find them unpersuasive. Accordingly, we affirm the district court’s decision.

 Most importantly, Tomlinson concedes that the State can satisfy NRS 52.255(1), as he agrees that Metro did not fraudulently destroy the tape.

 The Nevada Legislature adopted NRS 52.255 in 1971 and based the statute on a draft of Federal Rule of Evidence § 1004. See NRS 52.255.

 Federal Rule of Evidence 1004 provides:
The original is not required, and other evidence of the contents of a writing, recording, or photograph is admissible if—
(1) Originals lost or destroyed. All originals are lost or have been destroyed, unless the proponent lost or destroyed them in bad faith; or
(2) Original not obtainable. No original can be obtained by any available judicial process or procedure; or
(3) Original in possession of opponent. At a time when an original was under the control of the party against whom offered, that party was put on notice, by the pleadings or otherwise, that the contents would be a subject of proof at the hearing, and that party does not produce the original at the hearing; or
(4)Collateral matters. The writing, recording, or photograph is not closely related to a controlling issue.
Fed. R. Evid. 1004.